**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
MENTAL DISABILITY LAW CLINIC,
TOURO COLLEGE, et al.,

                            Plaintiffs,           **ORDER**
                                                          CV 06-6320 (CPS) (JO)

       - against -

SHARON CARPINELLO, et al.,
                            Defendants.
-----------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

      Before me is a letter-motion dated April 2, 2007, signed by a law student intern, that for the second time in this case seeks an order compelling the disclosure of certain information before the parties' initial discovery conference. Docket Entry ("DE") 13. After the first such letter-motion was filed, DE 9, I resolved it with the following endorsement: "It is not clear whether the law student intern who authored this letter currently represents a party in this action. Consequently, the application is denied without prejudice to renewal by a party with standing, in compliance with Rule 26(d) of the Federal Rules of Civil Procedure and Rule III.A.1 of my Individual Practice Rules." Order dated March 26, 2007. As set forth below, the current motion suffers from the same defect as its predecessor, and I therefore deny it.

      Contrary to the student author's assertion that the plaintiff clinic is representing itself, DE 13 at 1, a corporate entity cannot proceed *pro se*; it must appear through counsel. *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20 (2d Cir. 1983); *see also Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001) ("a corporation may not be represented by a person who is not an attorney"). The record indicates that the plaintiff entities in this case have done so, and

that each plaintiff is in fact represented by two attorneys of record: William M. Brooks and Eric Broutman. *See* DE 1-2 (civil cover sheet).

It may well be the case that the author of the pending motion is in fact working with counsel of record, and that the latter is attempting to achieve the salutary goal of giving a law student an opportunity not only to perform substantive legal work with appropriate supervision, but also to receive appropriate credit for doing so. In that regard, I note that the student's signature on the instant application is followed by a notation that appears to read "by WMB" (from which I infer that Mr. Brooks actually signed the student's name, with her consent) and that, according to the electronic docketing records, the application was submitted electronically by Mr. Brooks. *See* DE 13. I have no objection to such efforts to involve students in litigation, but they must be done in conformity with applicable rules. Among those rules is the following:

> Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party.... An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney of the party.

Fed. R. Civ. P. 11(a).

By declining to entertain this second application – or any application made by a person other than counsel of record who purports to act on behalf of a litigant – I ensure that the litigant's interests are not prejudiced either by the attribution to it of a position it does not actually wish to take, or by the advocacy of a position it does endorse by an advocate other than the one of its choosing. *See generally Becker v. Montgomery*, 532 U.S. 757, 762-65 (2001). If either plaintiff seeks relief, either of its attorneys of record – and only its attorneys of record – may make an appropriate application.

For the reasons set forth above, I again deny the application for relief on behalf of the plaintiff clinic submitted by a person who is not that party's counsel of record, and I again do so without prejudice to renewal in conformity with Rule 26(d) of the Federal Rules of Civil Procedure and Rule III.A.1 of my Individual Practice Rules.[1]

**SO ORDERED.**

Dated: Brooklyn, New York
April 3, 2007

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge

---

[1] I also deny the motion because the movant has failed to comply with the latter rule, which reads, in pertinent part, as follows: "Pursuant to Local Civil Rule 26.5, parties must make a good-faith effort to resolve disputes, including in-person contact either by telephone or in person, **before** making a motion, and must report the results of that effort in submitting a motion pursuant to this rule." Mag. J. J. Orenstein R. III.A.1 (emphasis in original). Compliance with that rule avoids needless litigation by assuring that parties will not bring a dispute to court that can be resolved with a telephone call and the application of common sense and courtesy. If the instant application is again renewed without conforming to this rule, I will deny it with prejudice.