**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
MENTAL DISABILITY LAW CLINIC,
TOURO COLLEGE, JACOB D.
FUCHSBERG LAW CENTER,

                            Plaintiff,                   **MEMORANDUM**
                                                         **AND ORDER**

           - against -

                                                        06-CV-6320 (ILG) (JO)

MICHAEL F. HOGAN, PH. D., et al.,
                            Defendants.
----------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

       In a letter-motion filed on April 30, 2010, Docket Entry ("DE") 168, the plaintiff makes several requests, each of which I address in turn.

       1.      The plaintiff, with the consent of all parties, seeks a three-month extension of the discovery schedule. Although I see no reason for such a long delay, I will grant the request and enter a second amended case management and scheduling order. I caution the parties that I will approve no further delay in this nearly four-year-old case absent a timely showing of the most compelling and unforeseeable of extraordinary circumstances.

       2.      The plaintiff, over the defendants' objections, seeks leave to conduct a total of fifteen depositions, rather than the presumptive limit of ten, and further seeks permission to ask for yet more depositions in the future. *See* Fed. R. Civ. P. 30(a)(2)(A)(i). In making the request, the plaintiff asserts only that it has already deposed or identified ten witnesses "and anticipates that additional depositions may be required." DE 168 at 2. By its terms, the request is manifestly unripe: the plaintiff has not identified a single witness it will actually seek to depose and therefore has no way of determining if the relief it seeks is even necessary. Indeed, it appears that the plaintiff has thus far deposed only three witnesses and has failed to answer the

defendants' request for a list of additional deponents. *See* DE 169 at 3 (response of State Defendants). I trust that the parties will confer in good faith as to the appropriate extent of depositions, *see* Loc. Civ. R. 26.5, and that their efforts in that regard may obviate the need for further motion practice.

3. The plaintiff's third request for relief is difficult to decipher with any precision. The plaintiff writes, "Resolution of the status of defendant Sedler is necessary because it may well impact on the defendants' willingness to permit the plaintiff to ask leading questions." DE 168 at 3. It adds that "to avoid dispute at the upcoming depositions, the plaintiff seeks clarification from this Court regarding the true party in interest and the proper approach to deposition notice and questioning." *Id*. at 4.[1] As far as I can discern, the plaintiff is concerned that the defendants may object to the plaintiff's use of leading questions in examining two colleagues of defendant Sedler upon whom the plaintiff has served subpoenas on the ground that the doctors are non-parties rather than, as the plaintiff contends, parties by virtue of their professional relationship with defendant Sedler (whom the plaintiff has sued in his official capacity). *See id*. at 3.

To the extent the plaintiff seeks any specific relief, the request is premature in at least two ways. First, the plaintiff explicitly characterizes its concern in a way that plainly reveals its non-justiciable nature: it asserts no more than that the nascent dispute about the doctors' status "may well" produce an objection to the form of the plaintiff's questions, and that the plaintiff therefore perceives the need for guidance in making prospective decisions about how to go about

---

[1] The plaintiff's letter-motion exceeds the length permitted under applicable rules. *See* Loc. Civ. R. 37.3(c); Mag. J. James Orenstein Individual Practice R. III.A.4. I will overlook the violation in this instance but will not continue to do so in the future.

seeking discoverable information. The objections may never materialize, and I may not provide advisory guidance to the plaintiff about how best to vindicate its interests.

Second, even if the defendants object to the plaintiff's attempt to cross-examine a given deponent, the plaintiff is still free to frame its questions as it deems appropriate and the deponent may not decline to answer simply because of an objection to the question's form. *See* Fed. R. Civ. P. 30(c)(2). Accordingly, the plaintiff's concern that its uncertainty about the status of defendant Sedler or of any deponents will produce objections cannot prejudice it unless and until the plaintiff insists on using leading questions to obtain information from the deponents, the case proceeds to trial, the plaintiff seeks to offer into evidence the deposition testimony of one of the deponents at issue to which there was an objection to form,[2] and the defendants press that objection at trial. Even if all of those conditions are met – a contingency that is far from certain – the court can plainly resolve the objection at that time without undue prejudice to any party.

Here again, a commitment by the parties to confer in good faith and to cooperate in the discovery process may obviate any future dispute. For example, whether or not Dr. Sedler's colleagues should be considered parties to this action, the named parties and their respective attorneys may well agree that those doctors interests are sufficiently aligned with the defendants, and in opposition to the plaintiff's claims, that it would be fair and efficient to permit the plaintiff to use some leading questions in deposing those doctors. The plaintiff may also conclude that its legitimate litigation interests – including the interests in obtaining useful information and in being perceived as fair by any fact-finder – will be advanced by asking non-leading questions

---

[2] There is no indication in the record that the depositions at issue will be conducted *de bene esse*.

that elicit discoverable information rather than merely form the predicate of an anticipated argument. Such matters are impossible to predict at this stage, and it would therefore be both unwise and improper to rule on the plaintiff's request for relief.

For the reasons set forth above, I grant the plaintiff's request to extend the discovery deadline and in all other respects deny the plaintiff's requests as non-justiciable at this stage of the proceedings.

**SO ORDERED.**

Dated: Brooklyn, New York
May 5, 2010

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge