**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
MENTAL HEALTH DISABILITY
LAW CLINIC, JACOB D.
FUCHSBERG LAW CENTER,

                             Plaintiff,

            - against -

SHARON CARPINELLO, et al.,

                        Defendants.
--------------------------------------------------------X

**MEMORANDUM
AND ORDER**

06-CV-6320 (ILG) (JO)

**JAMES ORENSTEIN, Magistrate Judge:**

In a letter-motion filed December 15, 2010, Docket Entry ("DE") 214, defendants Marc Sedler and Michael F. Hogan (the "State defendants") seek an order precluding the plaintiff, the Mental Disability Law Clinic at the Touro College Jacob D. Fuchsberg Law Center ("Clinic") from submitting any statement during motion practice or at trial that it may obtain from George P., a putative class member. A third defendant, Thomas MacGilvray, joined in the State defendants' motion. DE 216.

I assume the reader's familiarity with the prior proceedings in this case. Although the Clinic knew as early as July 2010 that George P. had indicated a willingness to testify, it only announced its intention to submit a declaration from him at a conference on September 14, 2010 – two weeks after the deadline for completing all fact discovery. DE 208 (Transcript of conference dated September 14, 2010) ("Tr.") at 19-21. I nevertheless afforded the Clinic an opportunity to provide the defendants with a proffer of the testimony it expected to elicit from George P. so that the parties would have a record to resolve any remaining dispute about the extent to which the Clinic could rely on his testimony. *See* DE 204 (minute entry); Tr. at 22-23.

The Clinic has since taken some steps to develop George P.'s testimony, but with only partial success.   On November 2, 2010, it provided the defendants with a declaration signed by George P.   DE 214 at 2.   It sought to schedule a deposition in November and December, but the witness has declined to cooperate in those efforts.   *See* DE 215.

I agree with the defendants that the Clinic has failed to act as it should to develop and preserve George P.'s testimony, and that it has not provided a compelling reason for its delay. Nevertheless, I hesitate to grant the relief the defendants seek, at least at this point, because the fault for the delay is partially mine.   Although it was my intention at the conference of September 14, 2010, to prompt the Clinic to take prompt action to vindicate its claim, I neglected to set a firm deadline for it to do so.   I therefore deny the defendants' motions to preclude the Clinic from submitting any statement from George P. without prejudice to renewal, and will instead set a firm deadline for the Clinic to develop its evidence.

No later than January 17, 2011, the Clinic shall produce to the defendants a detailed proffer of the testimony it expects to elicit from George P.   No later than January 31, 2011, the parties shall take George P.'s deposition, if he is willing to testify.   If the Clinic fails to provide the required detailed proffer, or if George P. does not consent to testify by the latter deadline, I will entertain a renewed request for the preclusion of his statements.

**SO ORDERED.**

Dated: Brooklyn, New York
       January 7, 2011

                                        /s/ James Orenstein
                                        JAMES ORENSTEIN
                                        U.S. Magistrate Judge