UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
MENTAL DISABILITY LAW CLINIC,

                Plaintiff,

                                            ORDER
                                            06 CV 6320 (ILG)

    -against-

HOGAN, et al.,

                Defendants.
-----------------------------------------------x
GLASSER, United States District Judge:

       On April 6, 2012, the Court of Appeals for the Second Circuit decided a case which mirrors this one and compels its dismissal. That case is <u>Disability Advocates, Inc. ("DAI") v. Cuomo</u>, ____ F.3d ____, 2012 WL 1143588, which held that the plaintiff failed to satisfy the constitutional requirements for associational standing prescribed by the Supreme Court in <u>Hunt v. Wash. State Apple Adver. Comm'n.</u>, 432 U.S. 333 (1977), and dismissed the action for want of jurisdiction.

       The defendants urge the Court to dismiss this complaint as required by <u>DAI</u> in a letter dated April 12, 2012. Plaintiff, in its letter of April 19, 2012, does not dispute that as a result of <u>DAI</u> it no longer possesses standing. It requests, however, a status conference to discuss an opportunity to find class members willing to intervene in their own right. The defendants speedily opposed that request in a letter dated April 20, 2012.

       The Court of Appeals addressed the intervention issue also present in <u>DAI</u> at *7 as follows: "We have long recognized that 'if jurisdiction is lacking at the commencement of [a] suit, it cannot be aided by the intervention of a plaintiff with a sufficient claim.'" (citations omitted). If a plaintiff lack standing, "'courts have no business deciding [the

case], or expounding the law in the course of doing so.'" Id. at *9 (quoting DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 340-41, 126 S.Ct. 1854, 164 L. Ed. 2d 589 (2006)).

    Accordingly, this complaint is dismissed and the requested opportunity for an intervention is denied. The defendants' pending motion for summary judgment is moot, there being no need to resolve the dispute as to whether the issue of associational standing was or was not raised in that motion.

    SO ORDERED.

Dated:    Brooklyn, New York
          April 23, 2012

                    /s/
                    I. Leo Glasser